# Bower *v.* New Era Association, Appellant.

*Insurance—Life insurance—Beneficial association—Application not attached to policy—Act of May 11, 1881, P. L. 20.*

In an action on a contract in writing purporting to be a "benefit certificate" which had some of the properties of a life insurance policy and some of a mere certificate of a beneficial order, the trial judge cannot be convicted of error in excluding the offer of an application not attached to the policy, where a witness for the defendant testifies that he was in the insurance business, that he represented the defendant association; that he had written an application of insurance for the insured; that he was manager of defendant at the time and was employing other agents, that such agents went out and took applications for insurance and brought them to him, and he then obtained policies of insurance from the company; without any testimony that any lodge was in the State of Pennsylvania, or that the soliciting agents were engaged in instituting lodges.

Argued March 7, 1917. Appeal, No. 14, March T., 1917, by defendant, from judgment of C. P. Lackawanna Co., Oct. T., 1913, No. 390, on verdict for plaintiff, in case of Mary C. Bower v. New Era Association of Grand Rapids, Michigan. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Assumpsit on a contract in writing. Before EDWARDS, P. J.

The contract sued upon was in the following form:

| Amount, | Monthly premium, |
|---|---|
| $1,000 | $1.80 |

## THE NEW ERA ASSOCIATION

### 20TH CENTURY

### BENEFIT CERTIFICATE.

### GRAND RAPIDS, MICHIGAN.

This certificate by the New Era Association, a corporation organized and doing business under the laws of the State of Michigan witnesseth, that Margaret McMahon a member of Branch Board No. 1, located at Grand Rapids, State of Michigan is, while in good standing in this, association entitled to participate in the Benefit and Equalizing Funds to an amount not to exceed one thousand dollars, which shall be paid at her death to Mary C. Bower, related to her as daughter, subject to all the conditions of the constitution and laws of this association, liable to forfeiture if said member shall not comply with said conditions, constitution and laws, and such as may hereafter be legally enacted by this association.

This benefit certificate is accepted upon the additional warranties, conditions and agreements printed upon the back of this certificate, which are a part of the same.

In witness whereof, the said New Era Association, has by its president and general secretary signed and caused the corporate seal of said association to be affixed to this contract at the City of Grand Rapids in the State of Michigan this 15th day of June, A. D. one thousand nine hundred and eleven.

The court under objection and exception refused to admit in evidence an application by the insured, offered in evidence, on the ground that the application had not been attached to the contract of insurance. The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $1,163.60. Defendant appealed.

*Error assigned* was in refusing to admit the application in evidence.

*F. W. Lidstone,* with him *W. J. Torrey,* for appellant. —The contract purporting upon its face to be a benefit certificate of a beneficial association, and there being no

evidence to justify a finding that it is anything·except a beneficial association, under the authority of Marcus against Heralds of Liberty, 241 Pa. 429, it is prima facie a beneficial association: Com. v. Equitable Beneficial Assn., 137 Pa. 412.

*A. A. Vosburg,* with him *John J. Owens* and *John F. Scragg,* for appellee.—There is nothing in the certificate which indicates in any way that the association has any charitable or benevolent objects whatever, or any aim except that of furnishing insurance at a monthly premium, which in this case was $1.80.

The evidence of the appellant's general agent, E. L. Brooks, shows that the association did business in Pennsylvania as an ordinary insurance company, through soliciting agents, and not by means of any lodge or ritualistic system.

It seems plain, that under the pleadings and evidence in this case, there was nothing to show that the appellant was anything but·an insurance company, without regard to the question of the burden of proof·: Com. v. Eq. Ben. Assn., 137 Pa. 412; Blair v. Supreme Council, 208 Pa. 262.

OPINION BY TREXLER, J., July 13, 1917·:

Is the contract sued upon a membership certificate of a beneficial association or is it in legal effect a policy of insurance? If the latter, the trial judge properly excluded plaintiff's application when offered by defendant for the purpose of showing fraudulent statements, the application not having been attached as provided by the Act of May 11, 1881, P. L. 20. The question must be·determined by the language of the certificate and the character of the business transacted. At the trial of the case plaintiff offered the policy of insurance sued upon, proved that the insured named in the policy had died, together with a few other details as to residence and sickness and rested. The defendant then called a witness

who testified that he was in the insurance business, represented the defendant, that he had written an application of insurance for the insured, that he was manager of the defendant company at the time and was employing three, four or five different agents. These soliciting agents went out and took applications for insurance and brought them to him and he then obtained policies of insurance from the company. The attorney for the defendant showed the witness a paper which he stated in his question "purports to be an application for a policy of insurance." There was no testimony that any lodge was in the State of Pennsylvania nor that the soliciting agents were engaged in instituting lodges. The contract in question was called a benefit certificate. The amount was $1,000 and the monthly premiums, $1.80. It had some of the properties of a life insurance policy and some of a mere certificate in a beneficial order. This paper and the testimony above referred to was all that was before the court when the application was offered in evidence. As matters stood, we cannot convict the court of error in refusing to admit the application because not attached to the policy. Whilst the defendant's attorney was not irrevocably bound by the statements made by the witness nor by the assumptions of fact in his questions, we think the court was right in adopting the view that the transaction was that of insurer and insured since no attempt was made to show a contrary state of affairs. There was no other proof offered as to the character of the business or the purposes and aim of the corporation. Upon the case as presented, the ruling we think was correct.

The assignments of error are overruled and the judgment affirmed.